UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAVON MARSHALL,
       Plaintiff,

Case No.: _____

v.

RODRICK ROBINSON,
       Defendant,
and

ORANGE COUNTY CORRECTIONS,
       Defendant,

_____/

## COMPLAINT

COMES NOW, the Plaintiff, JAVON MARSHALL, (hereinafter referred to as "Plaintiff"), by and through undersigned legal counsel, and hereby brings this action for damages against the Defendants, RODERICK ROBINSON ("ROBINSON") and ORANGE COUNTY CORRECTIONS, ("COUNTY"), (collectively referred to as "Defendants"), and states and alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1. Plaintiff brings this action pursuant to 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1988 for violation of his Eight Amendment rights of the United States Constitution.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1343, in that it is brought to redress deprivations, under color of state authority, or rights, privileges and immunities secured by the

Constitution of the United States; and in that it seeks to secure damages and equitable relief under an Act of Congress, specifically 42 U.S.C. § 1983, which provides a cause of action for the protection of civil rights.

3. Venue is proper in this district pursuant to 28 U.S.C.A. § 1391, because a substantial part of the events or omissions giving rise to the allegations in this Complaint occurred within this Judicial District and Defendant maintains a large business presence in this Judicial District.

4. At all times herein, Plaintiff, JAVON MARSHALL, was a citizen of the United States and a resident of Orange County, Florida and is otherwise *sui juris.*

5. At all times herein, Defendant, RODERICK ROBINSON, was a police officer employed by, Orange County Sheriff's Office, and was at all relevant times herein, acting within the scope of his employment and under color of state law.

6. At all times herein, Defendant, ORANGE COUNTY CORRECTIONS, is in charge of the jail and medical treatment provided therein, and was at all relevant times herein, acting within the scope of their responsibilities and under color of state law.

## FACTUAL ALLEGATIONS

7. On or about August 23rd, 2017, at approximately 4:00 p.m., the Plaintiff was inside Court Room 18A before Judge Munyon for a criminal jury trial.

8. The Plaintiff was found guilty.

9. After the verdict, the Plaintiff was restrained with a waist chain and handcuffs.

10. Robinson asked the Plaintiff to get fingerprinted in the Courtroom.

11. In a non-threatening verbal or physical manner, Plaintiff stated that he did not feel inclined to get fingerprinted.

12. Immediately, Robinson placed the Plaintiff in a headlock position and dropped him headfirst into chairs and then to the floor.

13. Plaintiff lost temporary consciousness.

14. Plaintiff was then taken to the County jail.

15. Plaintiff again loss consciousness and fell downstairs in the booking and release center.

16. Plaintiff was maced in the mouth and sent to confinement.

17. Plaintiff requested and required medical treatment for his injuries.

18. COUNTY did not give Plaintiff medical treatment.

19. Plaintiff suffered injuries to his head and to his cervical and lumbar spine.

20. Plaintiff was charged with resisting an officer with violence on January 22, 2018.

21. On January 4, 2019, the State Attorney's office entered a Nolle Prosequi.

22. At the time of the incident the Plaintiff did not have a weapon on him nor did he attempt to assault any of the officers.

## COUNT I: 42 U.S.C. 1983 UNDER THE EIGHTH AMENDMENT
## FOR CRUEL AND UNUSUAL PUNISHMENT
(against ROBINSON)

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 of this Complaint.

24. At all times herein, ROBINSON, was acting under color of state law.

25. Plaintiff posed no threat to ROBINSON, nor was he resisting in any way, such that ROBINSON use of force against Plaintiff was clearly excessive as he posed no threat of harm and was, at the time, in handcuffs and a waist chain.

26. ROBINSON used objectively unreasonable and excessive force against the Plaintiff.

27. Defendant ROBINSON knew or should have known that his excessive use of force against Plaintiff, without cause, violated Plaintiff's Eight Amendment rights and continued an unnecessary and wanton infliction of pain.

28. As a direct and proximate result of Defendant ROBINSON's use of excessive force, Plaintiff suffered significant injury including, but not limited to, bodily harm, emotional distress, and mental anguish. Plaintiff continues to suffer from such injuries.

29. The acts of Defendant ROBINSON violated and deprived Plaintiff of rights secured to him by the United States Constitution by subjecting him to cruel and unusual punishment in violation of the Eighth Amendment, which is enforceable through 42 U.S.C. §1983.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against ROBINSON for compensatory damages, punitive damages, plus attorney fees and costs, to be determined at trial.

### COUNT II: 42 U.S.C. 1983 UNDER THE EIGHTH AMENDMENT FOR CRUEL AND UNUSUAL PUNISHMENT
(against COUNTY)

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 of this Complaint.

31. At all times herein, COUNTY, was acting under color of state law.

32. Plaintiff was injured, faced serious medical needs, and required medical treatment.

33. COUNTY was required to provide medical attention and treatment to Plaintiff.

34. COUNTY denied Plaintiff medical attention and treatment and such denial was cruel and unusual punishment in violation of the Eight Amendment.

35. The COUNTY's acts and/or omissions were sufficiently harmful to evidence deliberate indifference to Plaintiff's serious medical needs.

36. The COUNTY's acts and/or omission caused an unnecessary and wanton infliction of pain upon Plaintiff and caused Plaintiff harm.

37. The acts of the COUNTY violated and deprived Plaintiff of rights secured to him by the United States Constitution by subjecting him to cruel and unusual punishment in violation of the Eighth Amendment, enforceable through 42 U.S.C. §1983.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against COUNTY for compensatory damages, punitive damages, plus attorney fees and costs, to be determined at trial.

Respectfully submitted,

Dated this _____ day of August, 2021.

                                **BLACK ROCK TRIAL LAWYERS**

By:_____
Gil Sanchez, Esq.
Florida Bar Number: 735981
201 S. Westland Ave.
Tampa, Florida 33606
(813) 254-1777 Office
(813) 254-3999 Facsimile
gil@blackrocklaw.com
litigation@blackrocklaw.com
**Attorney for Plaintiff**