UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAVON MARSHALL,**

    **Plaintiff,**

**v.**                                                    Case No. 6:21-cv-1377-RBD-NWH

**RODRICK ROBINSON,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on the Motion to Appeal *in forma pauperis* filed by Plaintiff. (Doc. 80). For the reasons stated below, the undersigned will recommend that the Court deny Plaintiff's Motion to Appeal *in forma pauperis*.

## BACKGROUND

Plaintiff initiated this action in August 2021, alleging excessive force by police and corrections officers in the immediate aftermath of his 2017 criminal conviction. (Doc. 1, ¶¶ 7–22). On August 11, 2023, the Court granted Defendant's Motion for Summary Judgment, finding that the undisputed facts, when viewed in the light most favorable to Plaintiff, did not show that Defendant inflicted force "maliciously or sadistically to cause harm," as required for a claim of excessive force. (Doc. 64 at 3–4). Plaintiff filed a Motion for Reconsideration on September 8, 2023, which the Court denied. (Docs. 68, 72).

Two years later, on June 9, 2025, Plaintiff filed a Motion for Relief from Judgment, alleging false testimony by Defendant. (Doc. 73). Plaintiff asserted that he only discovered the "full extent of misrepresentations" by Defendant after Plaintiff "returned from overseas in April 2025." (*Id.*). Plaintiff filed a second Motion for Relief From Judgment elaborating on Plaintiff's claims. (Doc. 77). The Court denied both Motions for Relief from Judgment on August 12, 2025, finding that (1) the Motions were untimely under Federal Rule of Civil Procedure 60(b)(3) and that (2) the arguments contained in the Motions merely repeated the arguments Plaintiff made in opposition to Defendant's Motion for Summary Judgment, which the Court already rejected. (Doc. 78). Finally, on August 29, 2025, Plaintiff filed a Notice of Appeal from the Court's order along with the instant Motion to Appeal *in forma pauperis*. (Docs. 79, 80).

## STANDARD

The statute governing appeals *in forma pauperis*, 28 U.S.C. § 1915(a)(3), provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In this context, "good faith" is measured "objectively," *i.e.* whether the applicant "seeks appellate review of ***any issue not frivolous***." *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (emphasis added).

This is not a particularly high bar; the district court "must grant leave to appeal *in forma pauperis* unless issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant." *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 692

(M.D. Fla. 1999). An *in forma pauperis* appeal is only frivolous when the appeal lacks any "arguable merit," meaning any issue "capable of being convincingly argued." *Id.* If the district court certifies that the appeal is *not* taken in good faith, however, then the applicant may still petition the appellate court for leave to proceed *in forma pauperis*, although the appellate court will naturally give some weight to the district court's certificate of frivolousness. *Coppedge*, 369 U.S. at 446.

## DISCUSSION

Plaintiff does not appeal regarding the merits of his case, but regarding the Court's denial of a motion for relief from judgment. (Doc. 78). The order on appeal is a simple one: the Court rejected Plaintiff's motions for relief from judgment because he filed them too late. As discussed by the Court's order, a motion for relief from judgment on the basis of fraud must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding," Fed. R. Civ. P. 60(b)(3), (c)(1), but Plaintiff filed his motion nearly two (2) years later, well past the deadline. (Doc. 78). *See Mills v. Comm'r, Alabama Dep't of Corr.*, 102 F.4th 1235, 1239 (11th Cir. 2024) (a motion under Rule 60(b)(3) alleging fraud, misrepresentation, or misconduct by the opposing party must be brought within a year of the entry of judgment), *cert. denied sub nom. Mills v. Hamm*, 144 S. Ct. 2600 (2024).

Plaintiff attempts to get around this deadline by invoking Rule 60(b)(6). Under this Rule, a party may seek relief from a judgment for "any other reason that justifies relief," and must file the motion "within a reasonable time"—a much more flexible

standard than the one-year deadline imposed on Rule 60(b)(1)–(3). But Plaintiff's arguments fall squarely within Rule 60(b)(3), which governs motions for relief from a judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."

Specifically, Plaintiff asserts in his first Motion for Relief From Judgment that the judgment was based "in part on materially false and misleading statements by [Defendant]," where Defendant "falsely claimed to be the primary officer and reported unsubstantiated injuries, shaping a misleading narrative of resistance to support the application of qualified immunity. . . . Plaintiff believes this deception influenced the narrative presented by other officers, leading to a due process violation and a fundamentally unjust dismissal." (Doc. 73 at 1–2). In Plaintiff's second Motion for Relief From Judgment, he identifies "contradictory testimony by Deputy David Johnson," "false attribution of presence to Deputy Robinson," "evidence of sole assignment to Deputy Rabinowitz," and "absence of use-of-force documentation," and claims that his participation in discovery was "blocked." (Doc. 77 at 2–3).[1] All of these bases fall under Rule 60(b)(1)–(3)—meaning that Plaintiff would have had to raise these arguments within a year of the judgment. Fed. R. Civ. P. 60(c)(1).

---

[1] In support of the latter assertion—that Plaintiff's participation in discovery was "blocked"—Plaintiff attaches to the Motion for Relief From Judgment a copy of his Notice of Intent to Participate in Discovery. (Doc. 77-1). But this Notice does not elaborate on this assertion. Plaintiff did not raise any issue regarding the sufficiency of discovery in response to the Motion for Summary Judgment, and it is clear from the record that Plaintiff took at least two depositions—that of the Defendant and another officer—suggesting that Plaintiff did, in fact, participate in discovery. (*See* Doc. 57).

Although no such time limit applies to relief from judgment due to fraud *on the Court* under Rule 60(d)(3), obtaining such relief is difficult; the movant must show "by clear and convincing evidence" that fraud "is highly probable." *Mills*, 102 F.4th at 1239–40. Fraud on the court is not simply fraud that occurs in the course of a lawsuit, but "an unconscionable plan or scheme" by an officer of the court that assails "the integrity of the judicial process" and "defiles the court itself." *Id.* (quotations omitted). Rule 60(d)(3) only reaches "the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated . . . ." *Gupta v. U.S. Atty. Gen.*, 556 Fed. App'x 838, 840 (11th Cir. 2014) (quotations omitted). Whatever potential inconsistencies Plaintiff may have identified in Defendant's testimony, Plaintiff fails to identify any conduct that approaches the level of severity required under Rule 60(d)(3).

Because Rule 60(c)(1) clearly bars relief from judgment here, and because no extraordinary circumstances exist that could constitute an objectively non-frivolous issue for appeal, Plaintiff's appeal is frivolous. Therefore, the Motion to Appeal *in forma pauperis* is due to be denied.

## RECOMMENDATION

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that the Court **DENY** Plaintiff's Motion to Appeal *in forma pauperis*, (Doc. 80), and **CERTIFY** that Plaintiff's appeal lacks an objective good faith basis.

## NOTICE TO PARTIES

The party has **fourteen days** from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida, on September 23, 2025.

_____
NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Party

Presiding District Judge