UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAVON MARSHALL,

    Plaintiff,

v.                                            Case No. 6:21-cv-1377-RBD-NWH

RODRICK ROBINSON,

    Defendant.
_____

## ORDER

Before the Court are the *pro se* Plaintiff's motion to appeal *in forma pauperis* ("IFP") (Doc. 80), U.S. Magistrate Judge Nathan W. Hill's report and recommendation (Doc. 82 ("R&R")), and Plaintiff's objection to the R&R (Doc. 83). The Court does not need a response from Defendant. The motion is due to be denied.

In this excessive force case, the Court granted summary judgment in favor of Defendant. (Doc. 64.) Two years later, Plaintiff moved twice for relief from judgment, which the Court denied as time-barred. (Docs. 73, 77, 78.) Plaintiff appealed the denial and then filed this motion to appeal IFP. (Docs. 79, 80.) On referral, Judge Hill recommended that Plaintiff's motion to appeal IFP be denied because the appeal is frivolous. (Doc. 82.) Plaintiff objected, arguing that extraordinary circumstances, equitable tolling, and fraud-on-the-court theories

justify appeal. (Doc. 83.)

A party may object to a magistrate judge's recommended disposition, and the district judge must determine de novo any part objected to. Fed. R. Civ. P. 72(b). "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith" is judged objectively and is met when the appeal seeks review of "any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Here, Judge Hill correctly concluded that Plaintiff's appeal is frivolous. (Doc. 82, p. 5.) Plaintiff's motion for relief alleges fraud, misrepresentation, or misconduct, which squarely fall under Rule 60(b)(3), making the motion nearly two years after summary judgment time-barred. (*See* Doc. 78); Fed. R. Civ. P. 60(c)(1) (imposing one year deadline). As to his objection, Plaintiff cannot invoke Rule 60(b)(6) because his overseas absence is not an extraordinary circumstance that suggests his delay is faultless. (Doc. 83, p. 2); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (extraordinary circumstance must be due to reasons beyond party's control). Nor does his equitable tolling argument, founded on "obstructed discovery" that was not really obstructed—as Judge Hill lays out—have any merit. (Doc. 82, p. 4 n.1; Doc. 83, p. 3.) And to the extent Plaintiff suggests fraud on the court under Rule 60(d)(3), which has no time limit, he has failed to show fraud by the requisite clear and

convincing evidence. (*See* Doc. 82, p. 5; Doc. 83, pp. 3–4); *Mills v. Comm'r, Ala. Dep't of Corr.*, 102 F.4th 1235, 1239–40 (11th Cir. 2024), *cert. denied*, 144 S. Ct. 2600 (2024). So Plaintiff's objection is due to be overruled and the R&R adopted in full.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's objection (Doc. 83) is **OVERRULED**.

2. The R&R (Doc. 82) is **ADOPTED**, **CONFIRMED**, and made a part of this Order in its entirety.

3. Plaintiff's motion to appeal IFP (Doc. 80) is **DENIED**. The Court **CERTIFIES** that Plaintiff's appeal lacks an objective good faith basis.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 7, 2025.



ROY B. DALTON, JR.
United States District Judge

3